```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


JENNIFER DAWN GRUBE,

                    Plaintiff,

vs.                                    Case No. 14-1191-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On February 12, 2013, administrative law judge (ALJ) Rosanne M. Dummer issued her decision (R. at 24-38). Plaintiff alleges that she had been disabled since July 24, 2010 (R. at 24). Plaintiff meets the insured status requirements for social security disability benefits through June 30, 2013 (R. at 26).

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since June 24, 2010, the alleged onset date (R. at 27). At step two, the ALJ found that plaintiff had severe impairments of obesity and congenital lymphedema of the right leg with left foot drop and edema (R. at 27). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 28). After determining plaintiff's RFC (R. at 28), the ALJ determined at step four that plaintiff was unable to perform past relevant work (R. at 36). At step five, the ALJ found that plaintiff can perform other jobs that exist in significant numbers in the national economy (R. at 36-37). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 38).

**III. Are the ALJ's RFC findings supported by substantial evidence in light of the medical opinion provided by Dr. Amanda Steventon to the Appeals Council?**

The ALJ's RFC finding stated that plaintiff "may need to elevate her right lower extremity for 50% of the time when sitting to knee height (six inches to knee height)" (R. at 28). In making this finding, the ALJ relied on a report from a treating physician, Dr. Daniel Morgan, who stated on January 14, 2013 that plaintiff's leg should be elevated at least 50% of the time while sitting (R. at 663). The ALJ accorded "great weight" to Dr. Morgan's assessment, but noted that Dr. Morgan did not

5

indicate to what extent the plaintiff was to elevate her lower extremity (R. at 36).

When the vocational expert (VE) testified on January 22, 2013, the VE was asked about the impact on a person's ability to work if they had to elevate their legs and feet (R. at 66). The VE testified that a person who needed to elevate their foot 50% of the time could still work if the elevation is not above the waist (R. at 66-70). The ALJ, without explanation, other than to note that Dr. Morgan did not indicate to what extent the plaintiff was to elevate her lower extremity, subsequently made an RFC finding that plaintiff may need to elevate her right lower extremity for 50% of the time when sitting to knee height (six inches to knee height) (R. at 28).

The ALJ issued her decision on February 12, 2013 (R. at 38). On August 5, 2013, Dr. Amanda Steventon signed a supplemental questionnaire regarding plaintiff. The questions appear to indicate that Dr. Steventon was a treating physician.[1] Dr. Steventon noted that the need to elevate was noted in the medical records of December 3, 2012, and states that, in her opinion, plaintiff should not be on her feet for more than 1 hour at a time. Dr. Steventon indicated that plaintiff's legs should be elevated higher than the level of the heart to assist

---

[1] Question #4 states: "Based on your treatment of Ms. Grube, how frequently would she be required to elevate her legs higher than her hips while sitting?" (R. at 664). Question #1 also asks Dr. Steventon whether the need to elevate was something she discussed with the plaintiff (R. at 664).

with decreasing the fluid accumulation.  Dr. Steventon further stated that plaintiff should elevate her legs higher than her hips at least once a day, but would recommend as often as tolerated (R. at 664).

This report from Dr. Steventon was included in the record by the Appeals Council (R. at 5).  On April 23, 2014, the Appeals Council stated that they reviewed the additional evidence, but found that this information did not provide a basis for changing the ALJ's decision (R. at 1-4).  The court must consider the qualifying new evidence submitted to the Appeals Council when evaluating the Commissioner's denial of benefits under the substantial evidence standard.  <u>Threet v. Barnhart</u>, 353 F.3d 1185, 1191 (10th Cir. 2003); <u>O'Dell v. Shalala</u>, 44 F.3d 855, 859 (10th Cir. 1994).  The court will examine both the ALJ's decision and the additional findings of the Appeals Council.  This is not to dispute that the ALJ's decision is the Commissioner's final decision, but rather to recognize that the Commissioner's "final decision" includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence.  <u>O'Dell</u>, 44 F.3d at 859.  The district court's very task is to determine whether the qualifying new evidence upsets the ALJ's disability determination, <u>Martinez v. Astrue</u>, 389 Fed. Appx. 866, 869 (10th Cir. Aug. 3, 2010), or whether the new evidence submitted to the

Appeals Council provides a basis for changing the ALJ's decision.  <u>Hardman v. Barnhart</u>, 362 F.3d 676, 681 (10th Cir. 2004).

In the case of <u>Wilson v. Colvin</u>, Case No. 12-1365-JWL, 2014 WL 1689293 (D. Kan. April 29, 2014), Ms. Martin, a psychiatric nurse-practitioner, had provided a medical source statement, but the ALJ accorded it little weight.  Instead, the ALJ gave great weight to the opinions of state agency consultants.  2014 WL 1689293 at *4.  Ms. Martin then submitted an opinion letter explaining and clarifying her earlier statement; this letter was first submitted to the Appeals Council.  Plaintiff also submitted to the Appeals Council a letter from Mr. Bremyer, plaintiff's treating therapist, which affirmed the opinions of Ms. Martin.  2014 WL 1689293 at *5-6.  The court held that this additional evidence, including Ms. Martin's explanation, if accepted, provides material information which would significantly alter the ALJ's decision, for it tends to negate much of the ALJ's basis for discounting the opinions of Ms. Martin and Dr. Schwartz.  The court noted that if those opinions are not properly discounted, disability is the only remaining option.  The court indicated that it could not weigh this evidence in the first instance, and remanded the case in order for the Commissioner to consider the letters provided to the Appeals Council and to determine what weight should be accorded

to the medical opinions in light of all the record evidence. 2014 WL 1689293 at *6.  See Gatewood v. Colvin, Case No. 13-1339-SAC (D. Kan. Sept. 30, 2014; Doc. 26 at 6-12)(a sentence six remand case; the court found that a subsequent statement from Dr. Davis provided material information which, if accepted, would significantly alter the ALJ's decision, for it tended to negate much of the ALJ's basis for discounting the earlier opinions expressed by Dr. Davis).

     As was the case in Wilson and Gatewood, the report from Dr. Steventon, if accepted, provides material information which could significantly alter the ALJ's decision.  As noted earlier, Dr. Morgan opined on January 14, 2013 that plaintiff should elevate her leg at least 50% of the time while sitting (R. at 663).  However, as noted by the ALJ, Dr. Morgan did not indicate to what extent plaintiff was to elevate her lower extremity (R. at 36, 663).  At the hearing on January 22, 2013, the VE testified that a person who needed to elevate their foot 50% of the time could still work if the elevation is not above the waist (R. at 66-70).  The ALJ, in her decision of February 12, 2013, made an RFC finding that plaintiff may need to elevate her right lower extremity for 50% of the time when sitting to knee height (six inches to knee height).  Other than to note that Dr. Morgan was silent on the issue, the ALJ offered no explanation for an RFC finding that limited plaintiff's need to elevate her

9

right lower extremity to knee height.  On these facts, the report from Dr. Steventon could, if accepted, significantly alter the ALJ decision because it indicates that plaintiff would need to elevate her right leg to the level of her heart, and the VE testified that elevation above the waist would preclude work.

Although Dr. Steventon stated that plaintiff would need to elevate her legs at least once a day, she recommended that plaintiff's legs be elevated as often as tolerated.  Relying on Dr. Morgan's opinion, the ALJ found that plaintiff may need to elevate her right leg for 50% of the time while sitting.  Furthermore, when the VE was asked about the impact of elevating one's extremities during break times or lunch, the VE testified that it was important to note that not all employers can provide an area where that can happen (R. at 71-72).  It is not within this court's jurisdiction to weigh the evidence in the first instance and decide whether or not plaintiff is disabled.  Therefore, remand is necessary for the Commissioner to consider the report from Dr. Steventon and to determine the appropriate weight to be accorded to each of the medical opinions in the record in light of all the record evidence.

**IV.  Did the ALJ err in her credibility analysis?**

Plaintiff argues that the ALJ erred in her credibility findings regarding plaintiff's allegations.  Although the court found no clear error in the ALJ's credibility analysis, the

court will not address this issue in detail because it may be affected by the ALJ's resolution of the case on remand after the ALJ, on remand, makes new credibility findings in light of all the evidence, including the medical opinions expressed by Dr. Steventon. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 19th day of August 2015, Topeka, Kansas.


                                        s/Sam A. Crow
                                        Sam A. Crow, U.S. District Senior Judge